**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

G.P., *et al.*,

    Plaintiffs,

v.

BEST BUY CO. INC., *et al.*,

    Defendants.

Case No. 2:24-cv-01892-JAD-NJK

**Order**

[Docket No. 24]

Pending before the Court is a stipulation to extend case management deadlines by 30 days. Docket No. 24.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

A request to extend case management deadlines must provide a "statement specifying the discovery completed." Local Rule 26-3. To allow the Court to make a proper determination of whether the parties have been diligent throughout the discovery period, this statement must include the dates on which all discovery occurred. Such information is absent here. *See* Docket No. 24 at 2. Additionally, the parties do not provide a specific description of the discovery that remains to be completed, *see* Local Rule 26-3(b). Docket No. 24 at 2.

Further, the parties seek relief to "explore the potential to mediate this matter once additional discovery has been completed." Docket No. 24 at 3. Settlement discussions are a common aspect of federal litigation and it is well-settled that the existence of such discussions is not good cause to modify the scheduling order. *Williams* 627 F. Supp. 3d at 1181. Nonetheless, relief may be afforded in appropriate cases when, *inter alia*, a firm mediation date is set in the near term, avoiding costs in the interim is likely to foster resolution at the mediation, and resolution at the mediation is likely. *See id*. at 1181 n.8. The Court is not inclined to modify the case management schedule simply because settlement is being discussed. On the other hand, good cause might exist if a mediation is set for the near future and the other circumstances favor relief. *See id*.

However, the stipulation also seeks relief on the ground that one of Plaintiffs' family members recently underwent an operation, which has caused delays in Plaintiff G.P.'s deposition. Docket No. 24 at 3. Therefore, as the Court sympathizes with Plaintiffs' circumstance, the Court will allow the extension. The parties must diligently conduct discovery. The Court is not inclined to extend case management deadlines without a robust showing that the governing standards are met.

Accordingly, the stipulation to extend is **GRANTED**. Docket No. 24.

Deadlines are **RESET** as follows:

- Initial expert disclosures: March 10, 2025
- Rebuttal expert disclosures: April 9, 2025
- Discovery cutoff: May 8, 2025
- Dispositive motions: June 9, 2025
- Joint proposed pretrial order: July 9, 2025, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: January 28, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

2