# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| G.P., *et al.*, <br>     Plaintiffs, <br> v. <br> BEST BUY CO. INC., *et al.*, <br>     Defendants. | Case No. 2:24-cv-01892-JAD-NJK <br><br> **Order** <br><br> [Docket No. 26] |

Pending before the Court is a stipulation to extend case management deadlines by 60 days. Docket No. 26.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

A request to extend case management deadlines must provide a "statement specifying the discovery completed." Local Rule 26-3. To allow the Court to make a proper determination of whether the parties have been diligent throughout the discovery period, this statement must include the dates on which all discovery occurred. Such information is absent here. *See* Docket No. 26 at 2. The Court ordered the parties to diligently conduct discovery, and specifically ordered that any

1

future requests to extend case management deadlines must include a robust showing to show that the governing standards are met. Docket No. 25 at 2. The parties' stipulation is devoid of any such showing.

Further, the stipulation seeks relief because Plaintiff's expert has become unreachable. Docket No. 26 at 3. The parties offer no explanation as to why Plaintiff's expert has any bearing on the rest of discovery that needs to be completed, such as other depositions. *See id*. at 2-3. Additionally, the parties seek relief to "allow enough time to explore the potential to mediate this matter once additional discovery has been completed." *Id*. at 3. The Court has previously ordered that it is not inclined to modify the case management schedule simply because settlement is being discussed. *See* Docket No. 25 at 2.

Accordingly, the stipulation to extend is **DENIED** without prejudice. Docket No. 26.

IT IS SO ORDERED.

Dated: March 7, 2025

_____
Nancy J. Koppe
United States Magistrate Judge